UNPUBLISHED

# UNITED STATES COURT OF APPEALS

### FOR THE FOURTH CIRCUIT

GOLDIE C. GURGANUS,
             *Plaintiff-Appellant,*

v.

BENEFICIAL NORTH CAROLINA,
INCORPORATED, as a subsidiary
wholly owned of Household
International, Incorporated,
             *Defendant-Appellee.*

No. 01-1644

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
W. Earl Britt, Senior District Judge.
(CA-00-9-7-BR)

Submitted: November 30, 2001

Decided: December 19, 2001

Before LUTTIG, WILLIAMS, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

### COUNSEL

David P. Voerman, New Bern, North Carolina, for Appellant. Sharon
L. McConnell, Patricia W. Goodson, KILPATRICK STOCKTON
L.L.P., Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Goldie C. Gurganus filed an action under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C.A. §§ 621-634 (West 1999 & Supp. 2001), against her employer, Beneficial North Carolina, Inc. ("Beneficial"), alleging various acts of discrimination based on age. Gurganus also alleged Beneficial failed to promote her, she was subjected to a hostile workplace, and she was retaliated against for filing complaints.

Beneficial moved for summary judgment, alleging the majority of Gurganus' claims were barred because Gurganus did not timely file a charge with the EEOC, and averring that Gurganus could not carry her burden on the remainder of the claims. The district court granted Beneficial's motion for summary judgment and Gurganus timely appealed. Finding no reversible error, we affirm.

We review a grant of summary judgment de novo. *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate only if there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). We view the evidence in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Generally, EEOC claims must be filed within 180 days of the unlawful employment practice. 29 U.S.C. § 626(d). To state a continuing violation, Gurganus must show the acts outside the 180-day period "can be related to a timely incident as a 'series of separate but related acts' amounting to a continuing violation." *Beall v. Abbott Labs.*, 130 F.3d 614, 620 (4th Cir. 1997) (quoting *Jenkins v. Home Ins. Co.*, 635 F.2d 310, 312 (4th Cir. 1980) (per curiam)). There must

be a violation of the law within the 180-day period preceding filing of the EEOC complaint. *Id.* at 621; *Hill v. AT&T Techs., Inc*, 731 F.2d 175, 180 (4th Cir. 1984). We have reviewed Gurganus' claims and find the disputed acts that occurred more than 180 days prior to her EEOC filing were not part of a series of related acts so the district court did not err in declining to address the earlier claims under a continuing violation theory.

Turning to Gurganus' timely claims, she alleges Beneficial discriminated against her by failing to promote her to a sales assistant position. To establish a prima facie case of discrimination in a failure-to-promote claim, Gurganus must demonstrate: (1) she was a member of a protected class; (2) she applied for an open position; (3) she was qualified for the position; and (4) she was denied promotion under circumstances that created an inference of unlawful discrimination. *See Carter v. Ball*, 33 F.3d 450, 458 (4th Cir. 1994); *Barber v. CSX Distrib. Servs.*, 68 F.3d 694, 698 (3d Cir. 1995) (applying Title VII proof scheme to ADEA failure-to-promote claim).

Even assuming this position was a promotion, Gurganus has only conclusorily alleged she was well-qualified for the part-time position, and concedes she did not inform Beneficial she wanted a part-time position. To the extent Gurganus argues she was discriminated against in regard to the full-time position, Gurganus did not allege in the district court who was hired for the position or the qualifications of the hiree. *Muth v. United States*, 1 F.3d 246, 250 (4th Cir. 1993) (noting that absent exceptional circumstances, issues generally are not considered when raised for the first time on appeal). Consequently, Gurganus has not carried her burden.

Gurganus' claims of discrimination fail because she cannot show an adverse employment action. A typical adverse employment action includes discharge, demotion, decrease in compensation, loss of job title or supervisory responsibility, reduced opportunities for promotion, or other conduct that had a significant detrimental effect. *Boone v. Goldin*, 178 F.3d 253, 255-56 (4th Cir. 1999). We have reviewed Gurganus' litany of allegedly discriminatory acts to which her EEOC complaint was timely and find none rise to the level of an adverse employment action.

As to Gurganus' hostile work environment claim, she failed to demonstrate that any alleged harassing conduct within the applicable time period was based on her age. Although there is evidence that Gurganus was subjected to vulgarity and crude behavior, this behavior was experienced by many employees. Therefore, Gurganus did not carry her burden of showing the alleged harassment was because of her age.

Finally, Gurganus alleges her supervisor retaliated against her when she formally complained to upper management about discriminatory actions in the workplace. To establish a prima facie claim for retaliation, Gurganus must prove (1) she engaged in a protected activity; (2) her employer took an adverse employment action against her; and (3) a causal connection existed between the employment action and the protected activity. *See Causey v. Balog*, 162 F.3d 795, 803 (4th Cir. 1998). To the extent Gurganus argues a comment written on her performance review was retaliatory, we find that the comment did not affect the terms, conditions, or benefits of her employment. *See Von Gunten v. Maryland*, 243 F.3d 858, 868 (4th Cir. 2001). As to the other conduct Gurganus cites, Gurganus has failed to carry her burden showing the conduct was causally related to the protected activity.

Accordingly, we affirm on the reasoning of the district court. We grant Beneficial's motion to submit on the briefs, deny Gurganus' motion in opposition, and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*